**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 07-21466-MC-LENARD/TORRES

(Pending in U.S. Patent and Trademark Office
Before the Trademark Trial and Appeal Board)

Application Serial No. 76/177,628

OPPOSITION NO. 91153874

IN RE SUBPOENA SERVED ON
RUM MARKETING INTERNATIONAL, LTD.,

_____/

DIAGEO BRANDS, B.V.,

      Plaintiff/Opposer,

v.

COMPANIA LICORERA DE
CENTROAMERICA, S.A.,

      Defendant/Applicant.

_____/

**ORDER ON MOTION TO QUASH IN WHOLE OR IN PART,
OR, IN THE ALTERNATIVE, FOR ENTRY OF A PROTECTIVE ORDER**

This matter is before the Court upon Compania Licorera De Centroamerica, S.A.'s ("Compania Licorera's") Motion to Quash in Whole or in Part, or, in the Alternative, For Entry of a Protective Order [D.E. 1, 2] in response to a third-party subpoena served by Diageo Brands, B.V. on an entity doing business in the Southern District of Florida, Rum Marketing International, Ltd. ("Rum Marketing"). The subpoena was issued in connection with a pending administrative proceeding before the U.S. Patent and Trademark Office, Trial and Appeal Board ("USPTO"). Upon review of the Motion, Diageo Brands's response

in opposition, the Reply, and the record in this miscellaneous matter, the pending Motion is ripe for disposition pursuant to an Order from the District Judge referring the case to the Magistrate Judge assigned to this case.

### I. BACKGROUND

Diageo Brands is the owner of a federally registered "Black Label" trademark used for aged, premium alcoholic spirits. It is currently involved in an adversary proceeding against Compania Licorera that is pending before the Trademark Trial and Appeal Board of the USPTO. That proceeding is currently ongoing before that administrative agency of the United States.

On May 24, 2007, Diageo Brands served a third party to that administrative proceeding, Rum Marketing, a Rule 30(b)(6) deposition subpoena duces tecum that noticed that entity for a corporate representative deposition on June 4, 2007. The subpoena sought deposition discovery and documents regarding Rum Marketing's activities related to Compania Licorera's application filed before the USPTO. The noticed date of the deposition fell on the last day of the discovery period provided for by the administrative board's rules governing the proceeding.

On June 1, 2007, Rum Marketing's counsel contacted counsel for Diageo Brands to advise that no representative of Rum Marketing knowledgeable on the topics set forth in the Rule 30(b)(6) deposition subpoena would be available to testify on the date noticed. Rum Marketing also objected to certain document requests included in the subpoena. On that same date, Rum Marketing's counsel served Diageo with objections to the document requests.

As a result, the deposition did not take place on June 4th. Diageo Brands contends that it was willing to reschedule the deposition to accommodate Rum Marketing's request. Nevertheless, on June 6, 2007, Compania Licorera filed the pending

miscellaneous action in the Southern District of Florida through a motion to quash the subpoena or alternative motion for protective order. The motion argues that the service of the subpoena on Rum Marketing violated Rule 45 and this Court's local rules with regard to the amount of notice provided to the third party and Compania Licorera as to the date for the deposition. The motion also argues that the subpoena was untimely based upon the USPTO's discovery cutoff date in the administrative proceeding. Alternatively, Compania Licorera's motion requests entry of a protective order with respect to several document requests included in the subpoena that seek production of confidential trade secrets.

Diageo Brands opposes the entry of either a motion to quash or motion for protective order. It argues that Compania Licorera has no standing to raise the arguments raised in the pending motion, as the third party Rum Marketing has not directly sought any relief from the subpoena. Furthermore, Diageo Brands argues that it indeed provided sufficient notice to Rum Marketing and that counsel failed to comply with the Court's Local Rules, as well as the USPTO's Rules, requiring pre-filing conferences before filing such motions.

## II. ANALYSIS

Federal courts are courts of limited jurisdiction. We possess only the power strictly authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The court's jurisdiction cannot be be expanded merely through judicial decree. *Id.* (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

There is no basis alleged in the pending motion for the exercise of federal jurisdiction. The motion clearly implies, however, that jurisdiction exists because there

is a pending administrative proceeding before the USPTO, from which a "subpoena" was issued under Rule 45 of the Federal Rules of Civil Procedure on a third party residing in the Southern District of Florida, and as would ordinarily occur in a case pending before the Court a party can seek judicial relief under Rule 45 and, more generally, Rule 26 of the Federal Rules.

That implied basis for jurisdiction treats this case as an ordinary miscellaneous action arising from a motion to quash a subpoena related to a proceeding pending before another district court.  Under Rule 45(a) of the Federal Rules, without question, this Court would have jurisdiction to entertain a motion to quash a subpoena issued out of this District in an action pending before another District.  But that is true only if there is a pending action before a federal court with federal subject matter jurisdiction.  *See Olcott v. Delaware Flood Co.,* 76 F.3d 1538, 1552 (10th Cir. 1996).

Here, however, there is no pending case before another federal court that has subject matter jurisdiction over the parties and the litigation.  Consequently, there is no jurisdiction purely under the provisions of Rules 26 or 45 for counsel for Diageo Brands to issue a Rule 45 subpoena, nor any jurisdiction for counsel for Compania Licorera to move to quash that subpoena.

That conclusion then leads to Rule 81 of the Federal Rules.  Subsection (a) of that Rule provides what proceedings "[t]hese rules" (obviously including Rules 26 and 45) are governed by the Rules.  There is no provision in the Rule for applying Rule 45's provisions whenever a subpoena issued in connection with an administrative proceeding.  To the contrary, Rule 81 only provides that the Federal Rules apply "to proceedings to compel the giving of testimony or production of documents in accordance with a subpoena issued by an officer or agency of the United States under any statute of the United States except

as otherwise provided by statute or by rules of the district court or by order of the court in the proceedings."

In cases involving proceedings before the USPTO, the applicable statute that triggers jurisdiction to "compel the giving of testimony" is 35 U.S.C. § 24:

> The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent and Trademark Office. . . .
> A judge of a court whose clerk issued a subpoena may enforce obedience to the process or punish disobedience as in other like cases, on proof that a witness, served with such subpoena, neglected or refused to appear or to testify.

Indeed, the discovery rules of the USPTO expressly refer to this statute as the basis upon which a party can seek to compel the attendance of witnesses for deposition in matters pending before the agency. 37 C.F.R. § 2.120(b) ("Discovery deposition within the United States."). Significantly, the USPTO's rules also include a provision for adjudication of motions for protective order filed by parties to the proceeding, consistent with Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* § 2.120(f).

This Court's jurisdiction is thus limited to the express provisions of Rule 81, 35 U.S.C. § 24, and in accordance with the discovery procedures contemplated by the USPTO's discovery rules. The Rule adopted in the Eleventh Circuit requires that the Court compel only that discovery contemplated by the USPTO's discovery rules and within the scope of discovery permitted by those rules. *See Brown v. Braddick,* 595 F.2d 961, 966 (5th Cir. 1979) (adopting rules in First and Third Circuits); *see also United States v.*

*Anaconda Co.,* 445 F. Supp. 486, 487-88 (D.D.C. 1977) ("The court has but a limited role to play in the enforcement of administrative subpoenas. The scope of issues that can be litigated in an enforcement proceeding is narrow, because of the Government's interest in expeditious investigation to carry out its congressionally mandated duties.").

Given the limited nature of this Court's jurisdiction here, we must apply these principles strictly to the facts presented. Clearly, had a third-party witness refused to comply with the requirements of a properly served Rule 45 subpoena in a USPTO action, then this Court, as per Rule 81 and 35 U.S.C. § 24, would have jurisdiction to enforce that subpoena. The pending motion, of course, does not fall under that category.

Second, the converse also applies. A third-party witness served with a subpoena under Rule 45 in a USPTO action may seek relief from the Court that issued the subpoena to quash or modify the subpoena on any ground permissible under Rule 45. *See, e.g., Brown,* 595 F.2d at 966-68 (addressing merits of appeal from denial of motion to quash subpoenas issued under 35 U.S.C. § 24). And thus the normal procedures that apply to third party witnesses under Rule 45 would also be followed. The witness may simply serve objections to the subpoena and be excused from compliance pending disposition of a motion to compel, if filed before the Court that issued the subpoena. *See, e.g., Pamida, Inc. v. E.S. Originals, Inc.,* 283 F.3d 726, 732 (8th Cir. 2002); *McCabe v. Ernst & Young LLP,* 221 F.R.D. 423 (D.N.J. 2004). Or, the witness may affirmatively move to quash the subpoena under Rule 45(c)(3). *See, e.g., Nova Products, Inc. v. Kisma Video, Inc.,* 220 F.R.D. 238, 241 (S.D.N.Y. 2004).

In this case the third party witness served by the subpoena in question, Rum Marketing, did not move to quash the subpoena. At best, the correspondence or communications from its counsel to Diageo Brands's counsel could be deemed a Rule 45

objection, which would then have obligated Diageo Brands to move to compel and enforce its subpoena if the objections were not otherwise resolved between the parties.

Instead, the party to the USPTO proceeding filed a motion to quash or alternative motion for protective order. The reasons cited in the motion are the lack of notice to the subpoenaed party, lack of notice to the party, and attempted production of "confidential information." Even outside the scope of the limited jurisdiction available under section 24, it is well settled that a party to litigation cannot ordinarily file a motion to quash a subpoena before the jurisdiction that issued it. *Nova Products,* 220 F.R.D. at 241 (denying motion to quash filed by party); *Hertenstein v. Kimberly Home Health Care, Inc.,* 189 F.R.D. 620, 635 (D. Kan. 1999) (same).

That principle is clearly true in cases under 35 U.S.C. § 24. As *Brown* held, a party has no standing to move to quash a subpoena issued under the jurisdiction afforded by that statute unless the party is in possession of the subpoenaed materials *and* has a personal right or privilege that should be enforced to prevent the third-party witness from violating that right or privilege. 595 F.2d at 967.

The pending motion does not satisfy either of these elements. There is no allegation that Compania Licorera has possession of the subpoenaed materials to confer standing upon it to move to quash the subpoena. Nor has it sufficiently shown that any privileged materials are in the third-party's possession. The only allegation in the motion is that the documents are "confidential." But that contention, without more, is not enough to give rise to standing. *Hertenstein,* 189 F.R.D. at 635.

Additionally, Rule 45 contemplates quashing or modifying a subpoena in response to the third-party's claim that a subpoena calls for disclosure of trade secret or confidential commercial information, not the party's "confidential" information. And only the subpoenaed third-party obviously should have standing to raise that objection. There

are, of course, circumstances when the nature of the relationship between the party and the third-party could confer standing on the party, such as a bank account holder whose records are subpoenaed from the bank. No such argument is raised here that these entities were in a similar relationship.

Therefore, to the extent the third-party's confidential information was being sought through this subpoena, it was incumbent upon that third-party to serve its objections or file a motion to quash. The pending motion to quash, however, was not filed by that entity with standing to do so. And, the very narrow exception to the general rule has not been shown to apply under the circumstances involved here. Furthermore, other arguments raised in the motion are clearly not within the scope of a privilege or right that the party can raise. Rum Marketing's inability to respond to the subpoena given the time it was provided is clearly something that should only be raised by Rum Marketing. *See, e.g., Smith v. America Online, Inc.,* 2007 U.S. Dist. LEXIS 1655 (M.D. Fla. Jan. 9, 2007) (citing Auto-Owners Ins. Co. v.Southeast Floating Docks, Inc., 231 F.R.D. 426, 249 (M.D. Fla. 2005)). That also goes for the argument that the subpoena was overbroad.

This conclusion is also buttressed by the fact that the applicable discovery procedures that govern this proceeding – that of the USPTO – clearly provide a mechanism by which the party to the proceeding can seek relief before the body that has plenary jurisdiction over the dispute. Subsection (f) of the USPTO's discovery regulations clearly allow Compania Licorera to file a motion for protective order. That could have been done here in conjunction with Rum Marketing's objection to the subpoena. Had that occurred, the USPTO could have addressed the substantive issues raised in that motion, and it would have been in a far better position to do so than this Court that has far less knowledge or involvement in the proceedings currently pending. Compania Licorera's failure to follow that procedure cannot be excused by this Court adjudicating a motion

to quash that is not contemplated in Rule 81 or the governing statute that confers limited jurisdiction in this case.  The general rule, that clearly should also govern this limited proceeding, is that the body that has plenary jurisdiction over the litigation is the body empowered to grant protective orders to control the scope of discovery in the litigation. *See, e.g., GFL Advantage Fund, Ltd. v. Colkitt,* 216 F.R.D. 189 (D.D.C. 2003).

Therefore, whether one looks at this matter as a lack of jurisdiction to grant the particular relief requested, or alternatively a basic lack of standing under Rule 45, the inevitable conclusion is that the relief requested should be Denied.  The pending motion was not a motion filed by the subpoenaeing party to compel compliance, nor was it filed by the subpoenaed third party seeking relief from the burdens imposed upon that third party in responding to the subpoena.  That denial is, of course, without prejudice to Compania Licorera pursuing this matter with the USPTO.  Even at this date a protective order could certainly be obtained.  But whether or not the subpoena here should be modified or whether the deposition should be rescheduled to accommodate Compania Licorera are matters that should only be addressed before the USPTO.[1]

Finally, as the Court has disposed of the issues in the pending motion based upon the limited jurisdiction it has under 35 U.S.C. § 24, we will not address any other substantive arguments raised in the motion or in the opposition filed by Diageo Brands.

---

[1] This analysis also applies to Diageo Brands.  To the extent that the issues raised in this motion are not amicably resolved, Diageo Brands should respect Rum Marketing's objections and address these matters before the USPTO.  Only then should Diageo Brands seek to compel compliance with its subpoena.  Otherwise, the Judge that could be tasked to review a motion to compel by Diageo Brands could decide to transfer the case back to the USPTO.  *See Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc.,* 211 F.R.D. 658, 660 (D. Kan. 2003) (court that issues subpoena has discretion to transfer subpoena-related motions to district where action pending).

### *III.  CONCLUSION*

For the foregoing reasons, the Motion to Quash in Whole or in Part, or the Alternative Motion for Entry of a Protective Order [D.E. 1] is **DENIED** without prejudice to the resolution of any related disputes before the USPTO.  Additionally, as all matters pending before the Court were referred and have now been adjudicated, there is no further basis for this matter to remain open.  Accordingly, the Clerk of the Court is DIRECTED to close this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of September 2007.

EDWIN G. TORRES
United States Magistrate Judge